[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, Alfred J. Girardi, has applied for a prejudgment remedy of replevin in the amount of $3,500, seeking immediate possession of an automobile owned by the defendants, Alfred J. Girardi, Jr. and Jill Girardi. For the reasons stated herein, the application for replevin is denied.
The plaintiff alleges the following facts in his application. The plaintiff is the owner and proprietor of a business known as Unique Cleaners in which his son, defendant Alfred J. Girardi, Jr., is employed. In January 1993, the plaintiff loaned Alfred, Jr. $11,600 from the business for the purchase of an automobile. Alfred, Jr. signed a promissory note for the loan which required weekly payments in the amount of $75 beginning January 8, 1993.[1]
Alfred, Jr. subsequently bought a 1990 Dodge station wagon. The vehicle's certificate of title lists the defendant Alfred J. Girardi and his wife, defendant Jill A. Girardi, as the owners, and reflects a lien in favor of Unique Cleaners.
In 1994, the defendants developed marital problems and are currently involved in divorce proceedings. The defendant Jill Girardi has since maintained possession of the automobile. In January 1995, Alfred, Jr. notified Unique Cleaners that no further deductions from his pay should be applied to the debt. As of that date, no further payments have been made on the loan. According to the plaintiff, the unpaid balance is $2,300, exclusive of interest, CT Page 409 costs and attorneys fees.[2] As a result, the plaintiff has requested:
 an order from this court directing that the following prejudgment remedy be issued to secure the sum of $3,500.00:
 To replevy to the applicant certain goods and chattels, to wit: One 1990 Dodge station wagon, Vehicle Identification Number 1B4FK54R9LX321098, of the value of $7,500.00 now in possession of the defendant Jill. A. Girardi.
Plaintiff's Application for Prejudgment Remedy, ¶ 2.
"The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention." (Emphasis added.) General Statutes § 52-515. In addition, "[a]n action of replevin, to the extent that it includes a prejudgment remedy as defined in section 52-278a, shall not be allowed unless the provisions of sections 52 278a to 52-278f, inclusive, are complied with." General Statutes § 52-516(b).
General Statutes § 52-278d(a) provides, in pertinent part, that:
 If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered . . . in the plaintiff's favor . . ., the prejudgment remedy applied for shall be granted as requested or as modified by the court.
"The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Giordano v. Giordano, 39 Conn. App. 183,206, 664 A.2d 1136 (1995). "The court's role in such a hearing is to determine probable success by weighing probabilities. . . . [T]his weighing process applies to both legal and factual issues. CT Page 410 . . . It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." (Citations omitted; internal quotation marks omitted.) Bank of BostonConnecticut v. Schlesinger, 220 Conn. 152, 156-157, 595 A.2d 872
(1991).
The plaintiff contends that at the time the loan was made, the defendants agreed that, upon default, he would be entitled to repossess the motor vehicle, sell it and use the proceeds to satisfy the debt. Although Alfred, Jr. has acknowledged an agreement to surrender the automobile to the plaintiff for sale following default, there is no conclusive evidence that the defendant Jill Girardi was a party to any such agreement. More importantly, the promissory note which the plaintiff seeks payment on was signed only by his son, defendant Alfred Girardi, Jr. and not defendant Jill Girardi. In addition, the note makes no reference to the purchase of an automobile or any agreement regarding the plaintiff's rights in the event of default other than the right to costs of collection. Thus, although there is probable cause that a judgment would be rendered in the plaintiff's favor against the defendant Alfred J. Girardi, Jr., the evidence does not support a conclusion that the plaintiff has a right to immediate possession of defendant Jill Girardi's interest in the automobile in question.
Accordingly, the plaintiff's application for a prejudgment remedy of replevin is denied.
BY THE COURT:
STANLEY, J.